# JacksonLewis

> Request for pre-motion conference granted. The Court shall hold a telephonic pre-motion conference on October 28, 2021 at 11:00 a.m. At the time of the conference, all parties shall call: (888) 398-2342; access code: 3456831.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 20.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        June 23, 2021

**VIA ECF**
Honorable Philip M. Halpern
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **Trivelli v. Putnam Hospital Center**
             **Case No.: 7:21-cv-03291 (PMH)**
             **Related Case No. 7:19-cv-09898 (PMH)**

Dear Judge Halpern:

      As counsel for Defendant Putnam Hospital Center (referred to as "PHC") in the above-referenced case, we are writing pursuant to Rule II(C) of Your Honor's Individual Practices to request a pre-motion conference for leave to move to dismiss Plaintiff Derek Trivelli's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## I.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND.

      PHC hired Plaintiff as a Radiology Supervisor in November 2014. At all times relevant herein, Plaintiff reported directly to April Lividni, PHC's Radiology Director starting in August 2017. On September 26, 2017, Ms. Lividini met with Plaintiff and explained to him that PHC was changing its protocols by requiring an annual required fluoroscopic[2] check for every piece of lead protective gear in the Radiology Department, in addition to the visual inspections of the gear which were already done twice

---

[1] In lieu of PHC's submission of an Answer to the Complaint, the parties have exchanged letters as required by Rule 4(c)(ii) of Your Honor's Individual Practices, prior to submitting this letter request to the Court.

[2] "Fluoroscopy is a type of medical imaging that shows a continuous X-ray image on a monitor, much like an X-ray movie [. . .] The image is transmitted to a monitor so the movement of a body part or of an instrument or contrast agent ("X-ray dye") through the body can be seen in detail."
See https://www.fda.gov/radiation-emitting-products/medical-x-ray-imaging/fluoroscopy#:~:text=Fluoroscopy%20is%20a%20type%20of,like%20an%20X%2Dray%20movie.&text=The%20image%20is%20transmitted%20to,can%20be%20seen%20in%20detail.

**JacksonLewis**

a year. Ms. Lividni asked Plaintiff to perform the fluoroscopies by the end of October 2017, a deadline set by the NYS Department of Health, along with the visual inspections that he routinely performed as part of his job duties.

As a result of conducting these fluoroscopic checks, Plaintiff alleges that he suffered from "possible" or "potential" radiation poisoning/exposure, which resulted in the purported symptoms of a rash, weight loss, and fatigue. Supposedly to cope with these purported symptoms, Plaintiff requested two separate leaves of absences on October 26, 2017 and November 3, 2017 (which he claims were reasonable accommodation requests), which were both granted by PHC. On November 20, 2017, Plaintiff was terminated from his employment with PHC due to multiple violations of PHC's Code of Conduct.

On April 15, 2021, Plaintiff filed a Complaint against PHC alleging that PHC's conduct violated the New York State Human Rights Law ("NYSHRL") § 290, *et seq*. by: (1) discriminating against him because of a purported disability (i.e., possible radiation poisoning/exposure); (2) failing to provide him with a reasonable accommodation; and (3) retaliating against him for engaging in alleged protected activity.

## II. PLAINTIFF'S DISABILITY, REASONABLE ACCOMMODATION, AND RETALIATION CLAIMS MUST BE DISMISSED.

Plaintiff has failed to state a prima face case of disability discrimination under the NYSHRL. Under the NYSHRL, Plaintiff must show that: (1) PHC is subject to the NYSHRL; (2) he suffered from a disability within the meaning of the NYSHRL; (3) he was otherwise qualified to perform his job; and (4) he suffered an adverse employment decision because of his disability. See Logan v. Saks & Co., LLC, 2020 U.S. Dist. LEXIS 178126, at *15 (S.D.N.Y. Sept. 28, 2020) (quoting Brown v. The Pension Bds., 488 F. Supp. 2d 395, 405–06 (S.D.N.Y. 2006)). Plaintiff cannot establish that he suffered from a disability covered under the NYSHRL. As a threshold matter, "potential" or "possible" radiation

**JacksonLewis**

poisoning/exposure is not and cannot be considered a disability under the NYSHRL. Plaintiff concedes that his alleged disability was merely speculative and, even if it existed, only resulted in the purported symptoms of a rash, weight loss, and fatigue. Second, actual or proven radiation poisoning/exposure cannot be considered a disability under the NYSHRL unless it prevented Plaintiff from exercising a normal bodily function or is demonstrable by medically accepted clinical or laboratory techniques. NYSHRL § 292(21). Plaintiff's Complaint fails to show how his alleged disability (or its purported symptoms) prevented him from exercising a normal bodily function or how the alleged injuries would be demonstrable by medically accepted clinical or laboratory techniques. See Casarella v. New York State DOT, 2018 U.S. Dist. LEXIS 156286, at *21 (S.D.N.Y. Sept. 13, 2018) (dismissing complaint where plaintiff failed to present facts describing how his injury "prevents the exercise of a normal bodily function" or suggesting how his injury would be "demonstrable by medically accepted clinical or laboratory diagnostic techniques"). Thus, Plaintiff's NYSHRL disability discrimination claim is subject to dismissal.

Plaintiff also was not denied a reasonable accommodation in violation of NYSHRL § 296(3). PHC was not required to reasonably accommodate Plaintiff's alleged medical condition because, as discussed above, that hypothetical condition is not a recognized disability under the NYSHRL and, thus, does not require a reasonable accommodation, as a matter of law. Furthermore, an accommodation was not required because there is no allegation that Plaintiff's purported symptoms of skin rash, fatigue, and weight loss did anything to prevent him from performing his job duties in a reasonable manner. Nonetheless, on October 26, 2017 and November 3, 2017, Plaintiff requested leaves of absence,[3] which PHC accommodated and granted (although it was not required to do so). Plaintiff did not make any other

---

[3] Although not specifically referenced in the Complaint, PHC anticipates that Plaintiff will likely claim that his overbearing and repeated attempts to obtain details and information regarding PHC's ongoing investigation of his October 2017 internal report were requests for a reasonable accommodation, which they clearly were not.

**JacksonLewis**

leave or accommodation requests to PHC. Thus, Plaintiff's reasonable accommodation claim is subject to dismissal.

Plaintiff has not stated a *prima facie* case of retaliation under the NYSHRL. Plaintiff alleges that PHC terminated him for requesting an accommodation (i.e., medical leave). But requesting medical leave does not qualify as a protected activity under the NYSHRL. See, e.g., McKenzie v Meridian Capital Group, LLC, 35 A.D.3d 676, 677-678 (2d Dep't 2006) (dismissing retaliation cause of action in complaint because plaintiff's sole purported "protected activity" was her request for additional leave time to accommodate her alleged disability); see also Witchard v. Montefiore Med. Ctr., 103 A.D3d. 596 (1st Dep't 2013) (dismissing complaint on summary judgment because plaintiff's request for reasonable accommodation is not considered a protected activity for purposes of a retaliation claim under the NYSHRL); Ramos v Metro-North Commuter R.R., 2020 N.Y. Misc. LEXIS 1666 at *35 (Sup. Ct. N.Y. Cnty. April 3, 2020). Moreover, simply requesting a leave of absence for an alleged/unconfirmed medical condition that is <u>not</u> a disability (as was the case here) would not be protected. Regardless, PHC granted both of Plaintiff's medical leave requests and terminated him for reasons which were wholly unrelated to Plaintiff's requests for medical leave (see Section I, above). Thus, Plaintiff's NYSHRL retaliation claim should be dismissed as well.

Finally, defendant contends that all of Plaintiff's NYSHRL claims are untimely. The last date of any alleged discrimination or retaliation by PHC in Plaintiff's Complaint is November 20, 2017, when he was terminated from his employment. Plaintiff did not file his Complaint until April 15, 2021, which well exceeds the applicable three-year statute of limitations period, making the entire Complaint untimely. It is PHC's position that Governor Cuomo's Executive Order 202.8 (and its subsequent extensions) suspended rather than tolled the statute of limitations period. See McLaughlin v. Snowlift, Inc., 500999/2021, 2021 N.Y. Misc. LEXIS 2794 at *6 (Sup. Ct. Kings Cnty. May 20, 2021) (finding that

**JacksonLewis**

three-year statute of limitations in a personal injury matter was merely suspended by the COVID-19 Executive Orders, resulting in the dismissal of plaintiff's complaint based on untimeliness). Thus, Plaintiff was required to file his Complaint by November 20, 2020, making it undeniably time-barred by nearly five months.

In response, it is anticipated that Plaintiff will argue that the COVID-19 Executive Orders tolled the applicable statute of limitations period, based on the very recent Second Department decision in Brash v. Richards, 2021 WL 2213786 at *1 (2d. Dep't June 2, 2021). In Brash, the intermediate state court opined that the Executive Orders tolled (rather than stayed) the statute of limitations applicable there. Moreover, Plaintiff will likely cite to Maple Drake Austell Owner, LLC v. D.F. Pray, Inc, 385 F.Supp.3d 373, 376 (S.D.N.Y. 2019), in support of the mistaken proposition that the *Brash* decision is somehow binding on this Court. It is well established that the decisions of intermediate state courts are not binding upon federal courts, absent a definitive decision from the NYS Court of Appeals (which there has not been here). See O'Neill v. City of Auburn, 23 F.3d 685, 689-90 (2d. Cir 1994); Calvin Klein, Ltd. V. Trylon Trucking Corp., 892 F.2d 19, 194 (2d. Cir. 1989); Lee v. Kylin Management, LLC, 2019 U.S. Dist. LEXIS 29556 at *5 (S.D.N.Y. 2019). Because PHC believes that *Snowlift, supra,* is a better reasoned decision, it contends that the NYS Court of Appeals would likely agree with its rationale and find that the COVID-19 Executive Orders at issue suspended rather than tolled applicable statute of limitations periods, and as a result, this Court should rule in PHC's favor on this issue.

For these reasons, PHC respectfully requests a pre-motion conference to enter into a briefing schedule on its motion to dismiss Plaintiff's Complaint in its entirety.

                                        Respectfully submitted,

                                        JACKSON LEWIS P.C.

                                        /s/ *Vincent E. Polsinelli*

cc:  Counsel of Record (Via ECF)            Vincent E. Polsinelli

## CERTIFICATION OF SERVICE

I hereby certify that on June 15, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                            */s/ Vincent E. Polsinelli*
                                                                            Vincent E. Polsinelli